Fecteau, J.
This is an action filed by the plaintiffs under the provisions of G.L.c. 251, seeking the appointment of an arbitrator. On September 15, 1998, the parties hereto appeared before arbitrator Kevin Doyle for a hearing in connection with the claim of the plaintiffs for underinsured motorist benefits under their Massachusetts automobile policy. He issued his decision on September 27, 1999, awarding benefits to both plaintiffs. The plaintiffs’ motion to confirm arbitrator’s award was filed on October 14, 1999, and the defendant’s motion to vacate the award was filed on October 19, 1999. The parties were heard on these motions on November 19, 1999.
The defendant contends that the arbitration award should be vacated on the ground that the arbitrator accepted documentary evidence in violation of his own order that the parties exchange such evidence no less than 7 days prior to the hearing. The defendant contends that the plaintiff submitted evidence during the hearing that it was first made aware of only two days prior to the hearing and upon which, in part, the award is based. The defendant points specifically to the fact that on August 18, 1999, the plaintiff Judith Gallauresi underwent a surgical procedure and that it was records and bills for that procedure, among other records about which it complained to the arbitrator and complains to this court. In addition, the defendant contends that it requested a postponement or suspension of the hearing in order to have an opportunity to have such new records reviewed by a medical consultant. The arbitrator apparently denied such request.
The plaintiff opposes the defendant’s motion, stating that the defendant had timely notice of their intended documentary evidence and that if the defendant was surprised by new information, it had only itself to blame for untimely attention to the opportunities it had under the policy to conduct such investigation. They complain further that this is just another in a series of groundless claims of prejudice arising out of an inadequate opportunity to conduct discovery prior to the hearing, including an “oral examination under oath,” which has been the subject of other orders of this court. The plaintiffs claim that all of their documentary evidence was submitted to the defendant in their response to documentary request, served on August 27, 1999.
This court takes note of the fact that in the letter dated September 13, 1999, from plaintiffs’ counsel to that of the defendant, he mentions that he is enclosing new medical records. This is only two days prior to the hearing. Secondly, it would be highly unlikely that hospital records from a surgical procedure that occurred on August 18, 1999, would be available for *75 counsel to include in a document response dated August 27, 1999. Lastly, the defendant alleges that only on the date of the hearing was it first made aware that the medical bills of Judith Gallauresi totaled in excess of $41,000.00. It contends that it was only aware prior to said date of approximately $18,000.00 in medical expenses. In the event that the defendant had not received more seasonable notice of the surgical procedure of August 18, 1999, or the significant increase in amount of medical expenses or both, then it may well be that the defendant was prejudiced by the failure to grant additional time to assimilate this information into the defense of the claim. This matter shall, therefore, be remanded to the arbitrator to make findings of fact involving the following areas:
1. The earliest date by which the defendant received any (a) medical records, and, (b) medical or hospital bills, in connection with any surgical procedure or hospitalization undergone by Judith Gallauresi on or about August 18, 1999.
2. (a) The earliest date by which the defendant received notice that the medical bills of Judith Gallauresi claimed by her to be related to the accident in question totaled in excess of $41,000.00; (b) the earliest date by which the defendant received any notice that the medical bills of Judith Gallauresi claimed by her to be related to the accident in question exceeded the $18,361.64, reported in the “case damage audit” of the plaintiffs attorney dated May 14, 1999.
3. The earliest date by which the defendant received notice that Judith Gallauresi was diagnosed with “thoracic outlet syndrome.”
4. The earliest date by which the defendant received notice that Judith Gallauresi was claiming a disability from work for the period from May 1999, to the date of the hearing and continuing causally related to the motor vehicle accident in question.
5. The earliest date by which the defendant received notice that William Gallauresi had incurred medical expenses in excess of $14,000.00.
6. The earliest date by which the defendant received notice that William Gallauresi was claiming in excess of 50 days of lost wages.
7. Whether the arbitrator relied, to any extent, on any of the following, in his findings of fact and award:
A. Judith Gallauresi’s hospitalization and/or surgery of August 18,1999;
B. A period of total or partial disability from work of Judith Gallauresi from May 1999 to the date of the hearing and continuing, or any portion thereof;
A copy of this interim order is to be transmitted to the arbitrator. The cost of further services of the arbitrator is to be borne by the parties in the same manner as heretofore agreed. Further proceedings in connection with this matter, and, in particular, further hearings, consideration and action on the motions of the parties to confirm the award and to vacate the award are stayed pending report of the arbitrator and until further order of the court.